**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

TAMMY DEGENHARDT,                         )
                                          )
          Plaintiff,                      )
     v.                                   )          No. 4:26-cv-00155-SEP
                                          )
CITY OF ST. LOUIS, et al.,                )
                                          )
          Defendants.                     )

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Tammy Degenhardt's Motion to Remand.  Doc. [17].  The motion is fully briefed and ready for disposition.  Docs. [17], [18], [19].  For the reasons set forth below, the motion is granted.

### FACTS AND BACKGROUND

In February 2025, Plaintiff filed this slip-and-fall action in the Circuit Court for the City of St. Louis, Missouri, against the City of St. Louis and Defendant Neutron Holdings, Inc., d/b/a Lime.  Doc. [7].  Plaintiff alleges that on October 24, 2021, she was walking on a sidewalk near Market and 14th Streets in St. Louis City when she tripped and fell on a Lime scooter that was lying in the middle of the sidewalk.  *Id*. ¶ 9.

On February 3, 2026, Defendant Lime filed a Notice of Removal under 28 U.S.C. § 1446(b)(3), pursuant to which an action may be removed if an "amended pleading, motion, order, or other paper" makes it ascertainable that an action has become removable.  Doc. [1]. Lime invokes diversity jurisdiction, asserting that Plaintiff, a Missouri citizen, and Lime, a California corporation, are diverse, and the statutory amount-in-controversy threshold of $75,000 is met due to Plaintiff's medical expenses.  Doc. [1] at 4-5.  Lime acknowledges that Defendant City is not diverse, which would typically defeat diversity jurisdiction, but argues that the City will likely be dismissed, after which the case would be removable on diversity grounds.  *Id*. at 5. Lime notes that Defendant St. Louis City filed a motion to dismiss in state court, which was still pending when it removed the action.  *Id*. at 6.  Lime removed the case now "to preserve its ability to litigate this case in federal court upon the anticipated dismissal of City," *id*. at 6, fearing that the one-year deadline for diversity removal under 28 U.S.C.§ 1446(c) would otherwise run before the City was dismissed.

Plaintiff timely moves to remand the case to state court, arguing that the undisputed presence of a nondiverse Defendant defeats diversity jurisdiction. Doc. [18] at 1. Plaintiff also argues that Defendant's removal is flawed for other reasons. First, Lime purportedly removed under § 1446(b)(3), which permits removal within 30 days after an "order" or "amended pleading" makes the action removable, yet here, there has been no such order or amended pleading. *Id*. (quoting 28 U.S.C. § 1446(b)). Additionally, Plaintiff argues that 28 U.S.C. § 1446(b)(3) provides for removal only when a Plaintiff *voluntarily* dismisses a non-diverse party, and dismissal of the City pursuant to a motion to dismiss would be *involuntary*. *Id*. at 2. Finally, Plaintiff notes that while fraudulent joinder[1] is an exception to the "voluntary vs. involuntary" dismissal rule, Lime does not allege fraudulent joinder of the City in its Notice of Removal and the time to do so has passed. *Id*.

In its opposition to the motion, Lime asserts for the first time that Defendant City was fraudulently joined by Plaintiff to defeat diversity jurisdiction. Doc. [19] at 4. Lime also argues that Plaintiff's claims against the City are barred by the doctrine of sovereign immunity. *Id*.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Myers v. Richland Cnty*., 429 F.3d 740, 745 (8th Cir. 2005) (citing *Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S. 375, 377 (1994)). A defendant may remove a lawsuit to federal court "only if the action originally could have been filed there." *In re Prempro Prods. Liab. Litig*., 591 F.3d 613, 619 (8th Cir. 2010) (citing *Phipps v. FDIC*, 417 F.3d 1006, 1010 (8th Cir. 2005)). "The [removing] defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence." *Id.* at 620. "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *Id.* (citing *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007)).

For a party to remove a case to federal court based on diversity jurisdiction, the amount in controversy must exceed $75,000.00 and there must be diversity of citizenship between the parties. *See* 28 U.S.C. § 1332(a). Diversity jurisdiction exists only when complete diversity of citizenship exists between the parties, meaning "no defendant holds citizenship in the same state

---

[1] Under the fraudulent joinder exception to the complete diversity rule, a district court may exercise diversity jurisdiction over a removed case lacking complete diversity if the plaintiff filed "frivolous or illegitimate claim[s] against a non-diverse defendant *solely* to prevent removal." *In re Prempro Prod. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010) (emphasis added).

2

where any plaintiff holds citizenship." *Little Otters of Love, LLC v. Rosenberg*, 724 Fed. App'x 498, 501 (8th Cir. 2018) (quoting *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007)). And a case cannot be removed based on diversity jurisdiction if any defendant is a citizen of the state in which the action is brought. *See* 28 U.S.C. § 1441(b)(2).

"When an action is removed improperly, the plaintiff may move to have it remanded to state court." *Holbein v. TAW Enters., Inc.*, 983 F.3d 1049, 1053 (8th Cir. 2020) (citing 28 U.S.C. § 1447(c)). "If the motion to remand is based on any removal defect other than lack of subject matter jurisdiction, that motion must be made within 30 days after the filing of the notice of removal. Otherwise, objections to removal based on such defects are waived." *Id.* (citation modified).

## DISCUSSION

The Court assesses diversity of citizenship at the time an action is filed. *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991). At the time Lime filed its petition, complete diversity did not exist between Defendant City of St. Louis, Missouri, and Plaintiff, a resident and citizen of Missouri. Under these circumstances, removal is plainly improper. Furthermore, Plaintiff is correct that 28 U.S.C. § 1446(b)(3), which allows for removal within 30 days after receipt of an order "from which it may first be ascertained that the case is one which is or has become removable," does not apply where a non-diverse defendant initiates its own dismissal. 28 U.S.C. § 1446(b)(3); *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 975-76 (8th Cir. 2011) (Removal under 28 U.S.C. § 1446(b)(3) applies only when a plaintiff voluntarily dismisses a non-diverse defendant.). Here, any dismissal of Defendant City would not be initiated by Plaintiff. And, as noted by Plaintiff, no such dismissal order has issued in this matter; Lime merely hopes that one will.

Finally, Defendant Lime's argument that the City was fraudulently joined to defeat diversity jurisdiction fails as untimely. "Defendant[ ] cannot now assert fraudulent misjoinder as a basis for removal because [it] did not include it in [its] Notice of Removal." *Mercy Health v. Endurance Specialty Ins., Ltd.,* 2020 WL 2512210, at *2 (E.D. Mo. May 15, 2020). "Once the 30-day period for removal has expired, a party cannot amend a notice to add new grounds for removal." *Id.* (citing *Orrick v. Smithkline Beecham Corp.*, 2014 WL 3956547 at *2 (E.D. Mo. Aug. 13, 2014). Lime filed its Notice of Removal on February 3, 2026. Doc. [1]. Nowhere in the Notice of Removal did Lime allege that Plaintiff named the City as a Defendant solely in

order to prevent removal to federal court.  Lime did not assert fraudulent joinder until it filed its opposition memorandum more than 30 days later.  *See* Doc. [19].  Because the 30-day removal period set out in 28 U.S.C. § 1446(b)(3) had passed, the argument was untimely.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand, Doc. [17], is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Circuit Court for the City of St. Louis, Missouri.

A separate Order of Remand will accompany this Memorandum and Order.

Dated this 30th day of April, 2026.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE